UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>Plaintiff,<br><br>v.<br><br>B. HOLMES, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-1446-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff has filed a complaint, ECF No. 1, a request to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a request for the appointment of counsel, ECF No. 3.  However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g).  *See Caldreon v. Covello*, No. 2:24-cv-1309-DJC-CKD (E.D. Cal. September 4, 2024) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

The court takes judicial notice of the following cases constituting strikes: (1) *Calderon v. Bonta*, 2:23-cv-0212-KJM-EFB (P), dismissed March 26, 2024; (2) *Calderon v. Bonta*, 2:23-cv-1065-DJC-DMC (P), dismissed February 15, 2024; (3) *Calderon v. Covello*, 2:23-cv-1974-DJC-DB (P), dismissed April 1, 2024.

A "three-striker" plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir.

1

2007).  The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent."  *Cervantes*, 493 F.3d at 1055-56.  A prisoner fails to meet the exception where claims of imminent danger are conclusory.  *Id.* at 1057 n.11.  Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm.  *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

      Plaintiff brings his action against ten named defendants,[1] alleging that he has suffered imminent danger from a data breach.[2]  *See* ECF No. 1 at 5.  Plaintiff alleges that Gospel people, radio T.V., media system people, inmates, and prison employees have engaged in illegal wrongs against him.  *Id.* at 7, 9-13.  He also alleges that he has suffered multiple injuries, but does not explain who harmed him, when the harm occurred, and if the harm is connected to his claim about the data breach.  *Id.* at 14-15.

      Plaintiff's allegations are insufficient to show that he faced imminent danger of physical injury at the time when he filed the complaint.  Plaintiff has not alleged any facts demonstrating that he is presently being subjected to "serious physical injury."  *See Cervantes*, 493 F.3d at 1055-56.  From what the court can discern, plaintiff's allegations relate to past harms, which cannot trigger § 1915(g)'s "imminent danger" exception.  *See id.* at 1053.

      Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in to proceed with this

---

[1] While plaintiff names ten defendants, he does not allege any actions–wrongful or not–by any of them in the complaint.

[2] Plaintiff also filed a notice of imminent danger. ECF No. 4.  In it, he states that prison employees are conspiring to obstruct his civil rights and that he is being poisoned and isolated without real healthcare.  *Id.*  This filing, however, does not demonstrate that plaintiff faced imminent danger of serious physical injury when he filed his complaint.  As an initial matter, plaintiff filed an identical notice on the same day in another case, *Calderon v. Covello*, 2:25-cv-1448-CKD.  Plaintiff's duplicative filings make it difficult for the court to accept that two unrelated actions could pose the same imminent danger.  But on a more fundamental level, plaintiff simply cannot recite the phrase "imminent danger" to circumvent the Three Strikes rule.  This rule was enacted to provide an avenue for prisoner-plaintiffs to seek redress when he or she was faced with serious and imminent physical injury.

action.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3