UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>        Plaintiff,<br><br>    v.<br><br>B. HOLMES, et al.,<br><br>        Defendants. | No. 2:25-cv-01446-TLN-JDP<br><br>**ORDER** |

      This matter is before the Court on Plaintiff Juan Carlos Calderon's ("Plaintiff") Motion for Reconsideration in this closed civil rights action. (ECF No. 17.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

      Plaintiff filed this civil rights action on May 19, 2025, (ECF No. 1), along with an application to proceed in forma pauperis (ECF No. 2). The assigned magistrate judge subsequently made findings and recommendations to deny Plaintiff's application to proceed in forma pauperis because Plaintiff was a three-strikes litigant within the meaning of 28 U.S.C.§ 1915(g). (ECF No. 6.) On August 8, 2025, this Court adopted these findings and recommendations and directed Plaintiff to tender the filing fee within twenty-one days. (ECF No. 8.) Plaintiff did not pay the filing fee or file any objections. As such, on September 29, 2025, the Court dismissed this action without prejudice and directed the Clerk of Court to close the case.

1  (ECF Nos. 9, 10.)  On November 21, 2025, Plaintiff filed the instant Motion for Reconsideration.
2  (ECF No. 11.)

3  Federal Rule of Civil Procedure ("Rule") 60(b) allows a district court to relieve a party
4  from a final judgment or order for "any [] reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).
5  The moving party must demonstrate "extraordinary circumstances justifying the reopening of a
6  final judgment."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  However, Rule 60(b)(6) "is to
7  be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only
8  where extraordinary circumstances prevented a party from taking timely action to prevent or
9  correct an erroneous judgment."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal
10  citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his
11  control[.]"  *Id.*  Additionally, Local Rule 230(j) requires a motion for reconsideration to state,
12  "what new or different facts or circumstances are claimed to exist which did not exist or were not
13  shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or
14  circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j)(3)–(4).

15  Here, Plaintiff has failed to demonstrate he is entitled to relief under Rule 60(b).
16  Plaintiff's case was dismissed without prejudice for failure to pay the filing fee.  Plaintiff's
17  arguments based on the "fundamental fairness of justice" do not justify reopening this case under
18  these circumstances.  Further, Plaintiff has not shown any altered facts or circumstances that did
19  not exist previously.  Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.
20  (ECF No. 11.)

21  IT IS SO ORDERED.

22  Date: December 12, 2025

24  TROY L. NUNLEY
   CHIEF UNITED STATES DISTRICT JUDGE